ANGELINA MAGGIORE (D)                          NO. 22-C-328

VERSUS                                         FIFTH CIRCUIT

NOTRE DAME HEALTH SYSTEM D/B/A                 COURT OF APPEAL
CHATEAU DE NOTRE DAME
                                               STATE OF LOUISIANA

August 11, 2022

Mary E. Legnon
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Mary E. Legnon
Interim Chief Deputy, Clerk of Court

**IN RE** ANGELINA MAGGIORE

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SCOTT U. SCHLEGEL, DIVISION "D", NUMBER 826-630

---

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

**WRIT GRANTED**

Relator seeks review of the July 13, 2022 judgment of the trial court denying the motion to compel the identification of the decedent's roommate while decedent was a resident at respondent's nursing home facility. For the following reasons, we grant this writ application.

Relator filed a complaint with the Louisiana Division of Administration regarding injuries sustained by the decedent during a fall while a resident at the respondent's nursing home. During discovery proceedings in the district court, relator propounded an interrogatory to respondent requesting the "name and phone number of the patient or resident who shared a room" with relator on September 7-12, 2021. Respondent refused to answer claiming this information was protected by "HIPPA guidelines."

Relator filed a motion to compel this information. At the hearing on the motion, the trial court stated that the incident report, which has not been made part of this writ application, states that no one witnessed the fall and the court was "not going [to allow] a fishing expedition with somebody who is in a home and could have their [sic] privacy issues related to it." The court went on to state that the denial of the motion to compel this information is "without prejudice as it relates to the name of the roommate," and if relator "found something" in discovery he "would revisit the issue."

Relator then asked the trial judge if he found "that the HIPPA prevents a disclosure of the name of a resident?" to which the trial judge responded: "I do…..I don't think that the identity of this

22-C-328

individual is necessary, and I think if you identify this individual, you are certainly getting into the identity of somebody who is in a nursing home."

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") protects information created or received by a healthcare provider that concerns the past, present, or future physical or mental condition of an individual. 42 C.F.R. §106.103. The regulation provides for disclosure of protected health information without the consent of the individual subject to certain exceptions provided for in 42 C.F.R. §164.512. This section allows protective healthcare information to be disclosed "in the course of any judicial or administrative hearing …[or] in response to a …discovery request" without a court order where the "covered entity receives satisfactory assurance" from the requesting party that he has made "reasonable efforts….to ensure that the individual who is the subject" of the request "has been given notice of such request." Alternatively, the party requesting the information has assured the covered entity that "reasonable efforts have been made…to secure a qualified protective order…"

Although there are no Louisiana cases addressing the specific request for the name of a roommate of a plaintiff who was treated at a covered healthcare facility, several other jurisdictions have allowed such disclosure.

In May v. Northern Health Facilities, Inc., 08-P-0054, 2009 Ohio-1442, 2009 WL 806927, the plaintiffs alleged that the decedent received substandard care while a patient in the defendant's nursing home. The plaintiffs sought the names and last known addresses of all roommates during the time she was a resident at the nursing home to determine whether they may have witnessed the alleged substandard care. The May court rejected the nursing home's argument that the names of the decedent's roommates were protected communications pursuant to HIPAA and could not be disclosed, holding that the "names of the appellant's roommates were not confidential information under statute insomuch as the names and addresses did not concern any facts, opinions, or statements necessary to enable a physician to diagnose, treat, prescribe, or act for a patient." The May court noted that HIPAA allows disclosure of "'protected health information in the course of any judicial or administrative proceeding in response to a court order…by subpoena, discovery request or by other lawful processes…" Id. See also, Dauterman v. Toledo Hosp., 11-Ohio-148, 2011 WL 28114920.

Likewise, in Ruzzier v. Nw. Lake Forest Hosp., 17 IL App (1st) 161300-U, 2017 WL 2124349, the plaintiff in a suit against defendant hospital sought the name of the roommate and the roommate's visitor who were present while she was a patient in the defendant hospital. The court held that the disclosure of the name and address of the patient and the visitor is not precluded by HIPAA, because HIPAA permits the disclosure of such information in judicial proceedings, provided the correct procedure is followed pursuant to 45 C.F.R. § 164.512(e).

Similarly, in Newman v. Mount Sinai Med. Ctr., Inc., 205 A.D.3d 548, 550, 169 N.Y.S.3d 262, 265–66 (2022), the court held that the disclosure of the identity of other patients who had been assaulted at the defendant hospital would not violate HIPAA subject to a showing that the party seeking disclosure has made a good faith effort to secure a qualified

protective order. See also, <u>Rogers v. NYU Hosps. Ctr.</u>, 8 Misc. 3d 730, 734-35, 795 N.Y.S.2d 438, 441-42 (Sup. Ct. 2005).

The information requested by relator in this matter reveals nothing, other than the fact that the decedent's roommate was a resident of the respondent nursing home on these five specific days. Relator is not requesting medical or healthcare information regarding the decedent's roommate; nor is that fact that the roommate was a resident of the nursing home indicative of any medical condition that she may have had. Thus, the trial court erred in denying relator's motion to compel.

For the foregoing reasons, this writ application is granted and the portion of the July 13, 2022 judgment denying the motion to compel is vacated. This matter is remanded to the trial court for proceedings consistent with this disposition.

Gretna, Louisiana, this 11th day of August, 2022.

**JJM**
**MEJ**
**JBD**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/11/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-328**

**E-NOTIFIED**

 24th Judicial District Court (Clerk)
 Hon. Scott U. Schlegel (DISTRICT JUDGE)
Christopher J. Bruno (Relator)
Lorraine P. McInnis (Respondent)

**MAILED**